# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

**NOV 22 2024**

ARTHUR JOHNSTON
BY_____ DEPUTY

RICHARD ARJUN KAUL, MD;
JANE DOE; JOHN DOE.

Plaintiff

v.

JAMES PAUL OETKEN
(PERSONAL AND OFFICIAL CAPACITY)
MISSISSIPI MEDICAL BOARD;
NEW YORK STATE ATTORNEY GRIEVANCE COMMITTEE
JANE DOE; JOHN DOE.

Defendants.

CIVIL ACTION  NO.: 3:34-CV-00621
CWR-LGI

**REPLY DEFENDANT MISSISSIPPI
MEDICAL BOARD ANSWER AND
AFFIRMATIVE DEFENSES**

DATED: NOVEMBER 20, 2024

_____
RICHARD ARJUN KAUL, MD

Signed by RICHARD ARJUN KAUL, MD ON 11/21/24

1

## OVERVIEW

The layers of Defendant MMB [MSBML] defense and Plaintiff Kaul's replies are as below:

**(1) The K11-23 claims are legally insufficient** – Defendant MMB has failed to identify any facts absent from any elements of any claims. The claims are legally sufficient, satisfy all federal pleading standards and Plaintiff Kaul respectfully refers the Court to the Complaint.

**(2) Defendant MMB cannot be held liable for any of the violations of Plaintiff Kaul's human/civil/constitutional rights and or ongoing/"new" injuries to his life/liberty/property/reputation because there exists no injury "directly traceable" to the acts/commissions/omissions of Defendant MMB** – Defendant MMB is a subjugate member of the **"Federation Cartel"** and is as liable for any/all offenses/violations/injuries caused and or committed by any other subjugate member, as if it directly committed/caused the offenses, violations and injuries itself.

**(3) Because there exists no "directly traceable" injury, Plaintiff Kaul is without standing to assert any claim against Defendant MMB be it as an individual suit or part of a class action [against the "Federation Cartel" and its subjugate state medical boards**] - Defendant MMB is a subjugate member of the **"Federation Cartel"** and is as liable for any/all offenses/violations/injuries caused and or committed by any other subjugate member, as if it directly committed/caused the offenses, violations and injuries itself.

**(4) The doctrines of sovereign immunity and that of the Eleventh Amendment specifically preclude Plaintiff Kaul from suing Defendant MMB, and there exists no exception consequent to the legally insufficient pleading of his claims as to the violations of his human/civil/constitutional rights and of RICO, <u>or put otherwise,</u> if the claims were legally sufficient [at least in Defendant MMB's opinion] the doctrines would provide no defense –** The claims are legally sufficient, satisfy all federal pleading standards and establish violations of Plaintiff Kaul's human/civil/constitutional rights, RICO and antitrust law.

**(5) The claims are precluded by the doctrines of res judicata and collateral estoppel – <u>The Kaul Cases</u>** Defendants, of which Defendant MMB is a member, continue to cause four thousand six hundred and fifteen (4.615) days-worth of ongoing**/"new"** injuries to Plaintiff Kaul's life/liberty/property/reputation and the law: <u>Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955)/Sedima, S/P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985)/Agency Holding v. Malley-Duff, 483 U.S. 143 (1987)/Continuing Violations Doctrine/Bodner v. Banque Paribas 114 F.Supp.2d 117 (2000)</u> warrants the filing of new claims for ongoing/new injuries. Similarly, the racketeering/antitrust/civil rights issues have never been adjudicated through settlement/trial/verdict and as such the issues are not collaterally estopped.

**(6)**

**(i) The claims fail to satisfy federal pleading standards –** The claims satisfy all federal pleading standards and Plaintiff Kaul respectfully refers the Court to the Complaint.

**(ii) The claims are settled and bound by a prior arbitration/award** – This statement is knowingly false, as there has been no arbitration, let alone award as to any aspect of the case.

**(iii) Plaintiff Kaul assumed the risk of having his human/civil/constitutional rights violated and having his life/liberty/property/reputation injured (kidnapping/false criminal indictments/false arrests/false imprisonment/attempted murder) by deciding to become a physician and practice medicine** – This statement is false, and Defendant MMB has produced no evidence of any verbal or written contract signed by Plaintiff Kaul at the commencement of medical school in 1983, nor could they because none exists.

**(iv) Plaintiff Kaul's negligent invention of the percutaneous spinal fusion and consequent negligent success caused The Kaul Cases Defendants, including Defendant MMB, to have to conspire to revoke his NJ license, violate his human/civil/constitutional rights and injure his life/liberty/property/reputation** – This statement is false as the procedure was never negligent as evidenced by the fact that in or around 2014 it became the standard of care, and in 2020, as a consequence of Plaintiff Kaul's 2005 invention, the FDA approved the Optimesh as an interbody fusion device. Plaintiff Kaul's 2005 invention is in 2024 one of the most commonly performed spinal surgical procedures.

**(v) The Kaul Cases Defendants, including Defendant MMB, were coerced under duress to commit crimes against Plaintiff Kaul because his invention of the percutaneous spinal fusion and consequent success caused them a reasonable fear of immediate death and or serious bodily harm to themselves and or others** – This statement is false and without evidence. In fact, it was Plaintiff Kaul's life that was threatened on multiple occasions by **The Kaul Cases** Defendants.

4

**(vi) The claims are precluded as the antitrust/racketeering/civil rights issues have been adjudicated through trial and verdict** – This statement is false. **The Kaul Cases** Defendants have violated and ignored multiple Rule 16/26 court orders not one of the claims of **The Kaul Cases** has been adjudicated through discovery/settlement/trial/verdict.

**(vii) The claims are precluded as Plaintiff Kaul committed fraud** – This statement is false, and the falsity of the statement constitutes an element of the case subject matter. In fact, it was **The Kaul Cases** Defendants who committed a massive fraud against Plaintiff Kaul and the public.

**(viii) The claims are precluded as Plaintiff Kaul engaged in "illegality"** – This statement is false, and the falsity of the statement constitutes an element of the case subject matter. In fact, it was The Kaul Cases Defendants who committed crimes against Plaintiff Kaul

**(ix) The claims are precluded as Defendant MMB has no connection/association/relation to The Kaul Cases** Defendants or the "Federation Cartel", entities involved in the initiation and ongoing perpetration of injury/violation to Plaintiff Kaul's life/liberty/property/reputation/human rights/civil rights/constitutional rights – This statement is false. Defendant MMB is a subjugate member of the **"Federation Cartel"** and is as liable for the offenses/violations/injuries caused to Plaintiff Kaul by **The Kaul Cases** Defendants as if it had directly committed them.

**(x) The claims are precluded because Plaintiff Kaul provided The Kaul Cases Defendants a "license" to not only use his percutaneous spinal fusion invention for free, but to have his NJ license revoked and then injure/violate his life/liberty/property/reputation/human rights/civil rights/constitutional rights** – This statement is false and without evidence. Plaintiff

Kaul provided no license for any person to perform his invention nor any license for any person to injure/violate his life/liberty/property/reputation/human rights/civil rights/constitutional rights.

**(xi) The claims are precluded pursuant to the fact that <u>The Kaul Cases</u> Defendants rendered payment to Plaintiff Kaul to use his intellectual property of the percutaneous spinal fusion, just prior to their commencement of the revocation conspiracy** – This statement is false, as no person provided any payment to Plaintiff Kaul for the right to use his invention.

**(xii) The claims are precluded because Plaintiff Kaul provided <u>The Kaul Cases</u> Defendants, including Defendant MMB, a "release" from being ever subjected to the claims regardless of what violations/injuries they commit against Plaintiff Kaul's life/liberty/property/reputation/human rights/civil rights/constitutional rights** – This statement is false, as no release was ever provided by Plaintiff Kaul to Defendant MMB immunizing them from suit for violations/injuries committed against Plaintiff Kaul's life/liberty/property and or human/civil/constitutional rights.

**(xiii) The claims are precluded because Plaintiff Kaul "waived" all rights to ever seek redress for the violations/injuries committed and caused against and to Plaintiff Kaul by The Kaul Cases Defendants, including Defendant MMB** – This statement is false, as no waiver was ever issued orally/written that precluded Plaintiff Kaul from seeking redress from anyone for violations/injuries committed and caused against and to Plaintiff Kaul by The Kaul Cases Defendants, including Defendant MMB.

**(xiv) The claims will be precluded if Defendant MMB produces fact that negates its liability –**

This statement is false, as the facts underpinning the claims have already been admitted within

**The Kaul Cases,** pursuant to Rule 8(b)(6) and as for all purposes.

## REPLY TO DEFENDANT MMB'S ANSWER

Defendant MMB argues that because there exists nothing in law or fact to substantiate a nexus of injury and liability between Plaintiff Kaul and Defendant MMB, <u>that therefore</u> it cannot be held liable for any of the asserted violations of Plaintiff Kaul's human/civil/constitutional rights and injuries to his life/liberty/property/reputation.

This argument other than being patently false, fails to accurately reflect the facts/argument within the Complaint that do factually and legally establish Defendant MMB's liability as to the violations/injuries committed and caused agsinst and to Plaintiff Kaul by **The Kaul Cases** Defendants, including Defendant MMB, in collusion and conspiracy with the **"Federation Cartel"**, of which Defendant MMB is a subjugate member. The relevant sections of the Complaint are contained within (**Exhibit 1**), and identify, amongst other things, **"new racketeering injuries"** caused in November 2020 and May 2025 consequent to Defendant MMB's license application denials.

Defendant MMB's' 'blanket denial' and failure to specifically and separately deny the allegations/facts pertaining to its violations/offenses/injuries has caused them to become admitted for all purposes. Some of the specific allegations/facts are found at paras: 24/25/100/111/117.

A critical part of the defense strategy of **The Kaul Cases** Defendants is to attempt to prevent Plaintiff Kaul from procuring a license or having reinstated his illegally revoked NJ license,

recognizing the relation to Plaintiff Kaul's prosecution of **The Kaul Cases** Defendants of such

<u>voluntary</u> license reinstatements/issuances.


Central to the dismantling of Defendant MMB's non-liability defense is the fact that it's

subjugate status to **The Kaul Cases** Defendant, FSMB is formalized in the fact that every

executive of every supposedly sovereign state medical board is a subjugate board member of

**The Kaul Cases** Defendant FSMB. This anticompetitive, unconstitutional and illegal cartel-like

structure was exposed and explicated in a submission in K11-17 (**Exhibit 2**), an exposition which

identifies the vicarious liability incurred by all state board subjugate members for the

offenses/violations/injuries committed by every other subjugate member.


Moreover, Defendant MMB is sued pursuant to RICO and RICO's doctrine of vicarious liability,

<u>Salinas v. United States, 522 U.S. 52 (1997)</u>, holds Defendant MMB as liable for the

offenses/violations/injuries of **The Kaul Cases** Defendants, as if it had directly committed them.

Defendant MMB, being a subjugate member of the **"Federation Cartel"** of which **The Kaul**

**Cases** Defendant, New Jersey Board of Medical Examiners is also a subjugate member, did

commence incurring liability in or around 2010, five (5) years after the commencement of the

revocation conspiracy, a conspiracy initiated principally by neurosurgeons, such as K11-20

Defendant Robert Francis Heary and interventional spine physician and K11-19 Defendant

Andrew Kaufman.

## CONCLUSION

Based on the above statements and facts, and on the fact that none of Defendant MMB's

affirmative defenses are substantiated in fact or ever could be, Plaintiff Kaul respectfully

requests the Court deny its plea for dismissal.

I certify that the above statements are true and accurate to the best of my knowledge and that

if it is proven that I knowingly and willfully misrepresented the facts, then I will be subject to

punishment.

DATED: NOVEMBER 20, 2024

R. Kol. 11/21/24

Signed by
Richard Arjun
Kaul, MD
on 11/21/24

RICHARD ARJUN KAUL, MD
6 NORTH MIDLAND AVENUE
UNIT 308
NYACK, NY 10960
914 250 8413
drrichardkaul@gmail.com

## CERTIFICATE OF SERVICE

I, RICHARD ARJUN KAUL, the Propria Persona Plaintiff, do hereby certify that on November 20,

2024 I emailed a copy of the within papers to counsel for Defendant Mississippi Medical Board

and to a process server with instructions to deliver papers to the Clerk of the Court on

November 21, 2024

DATED: NOVEMBER 20, 2024

_____
RICHARD ARJUN KAUL, MD