No. 25-_____

---

# IN THE SUPREME COURT OF THE UNITED STATES

---

## PETITIONER RICHARD ARJUN KAUL
### vs.
## RESPONDENT JAMES PAUL OETKEN

---

## ON AN EMERGENCY PETITION FOR A WRIT OF PROHIBITION TO THE SOUTHERN DISTRICT OF NEW YORK IN CASE NO. 21-CV-06992-JPO

---

### RICHARD ARJUN KAUL, MD

### PROPRIA PERSONA PLAINTIFF

### 440c SOMERSET DRIVE

### PEARL RIVER, NY, 10965

### drrichardkaul@gmail.com

### DATED: May 27, 2025

### RELATED CASE

### KAUL v OETKEN ET AL: 24-CV-00621-CWR-LGI
### U.S.D.C. FOR SOUTHERN DISTRICT OF MISSISSIPPI

# CONTENTS

INDEX OF APPENDICES – Page ii

PARTIES TO THE PROCEEDING – Page iv

REFERENCED CASES OF THE KAUL CASES – Page v

SUMMARY OF ISSUES AND QUESTIONS PRESENTED – Page vi

CORPORATE DISCLOSURE STATEMENT – Page viii

LEGAL STANDARD OF REVIEW AND LEGAL AUTHORITIES AS TO GRANT OF WRIT – Page ix

APPENDICES' HYPERLINKS -Page x

PRELIMINARY STATEMENT AND CONTEXTUAL FACTS – Page 1

ISSUES AND QUESTIONS PRESENTED – Page 7

STATEMENT AND FACTS NECESSARY TO UNDERSTAND PETITION – Page 9

ARGUMENT – Page 18

REASONS FOR GRANTING THE WRIT – Page 30

RELIEF SOUGHT – Page 36

# INDEX OF APPENDICES

## All Appendices from A to I are hyperlinked within the petition to the relevant documents

**Appendix A:** <u>138 S. Ct. 2392 (2018) 585 U.S. 667 Donald J. TRUMP, President of the United States, et al., Petitioners v. HAWAII, et al. No. 17-965.</u> (June 26, 2018) Supreme Court of United States – Concurring opinion of Justice Thomas as to unconstitutionality, in equity and illegality of nationwide injunctions, which undermines Respondent Oetken's September 12, 2022 purported 'injunction' in K11-7.

**Appendix B:** Plaintiff Kaul notice to Defendant Oetken of nullity and Conflicted-ness of May 8 to June 17, 2025 proposal in K11-7.

**Appendix C**: Complaint in <u>Kaul v Oetken at al: 24-CV-00621-CWR-LGI</u> (U.S.D.C. for the S.D.M.)

**Appendix D**: Notice of Defendants Christie/Solomon in K11-17 re: Respondent Oetken's March 15, 2024 threat of contempt to Plaintiff Kaul to dismiss K11-17 by March 29, 2025. Petitioner Kaul sued Respondent on March 25, 2024 in K11-18.

**Appendix E:** Admissions of material and undisputed fact pursuant to Rule 8(b)(6) as to Defendant James Paul Oetken + Admissions of material and undisputed fact pursuant to Rule 8(b)(6) as to Defendant New York Attorney Grievance Committee.

**Appendix F**: September 12, 2022 opinion/order/injunction issued by Respondent James Paul Oetken in K11-7.

**Appendix G**: Complaint in K11-15 + Statement of material facts for Defendant Kenneth Murphy.

**Appendix H**: The Oetken Disqualification + **'THE OETKEN ANALYSIS'** in K11-7 + August 14, 2023 K11-14 prompted 'order' denying disqualification motion

**Appendix I**: Evidence/facts as to violation of the independent authority and Jurisdiction of the Southern District of Florida-K11 14-August 2023-U.S.D.J. Beth Bloom + Eastern District of North Carolina-K11-17-June 2024-Chief Judge Richard E. Myers III +Southern District of Texas –K11-20-January 7, 2025-U.S.D.J. Alfred H. Bennett

**Appendix J**: Notice to Defendant Oetken of nullity and conflicted-ness of May 8, 2025 entry onto the K11-7 docket.

# PARTIES TO THE PROCEEDING

**PETITIONER**

RICHARD ARJUN KAUL, MD

**RESPONDENT**:

JAMES PAUL OETKEN, ESQ

# REFERENCED CASES OF THE KAUL CASES

**K11-7**: KAUL v ICE ET AL: 21-CV-6992-CLOSED – PRE JARKESY (S.D.N.Y.)

**K11-14**: KAUL v FEDERATION ET AL: 23-CV-22325-CLOSED – PRE JARKESY (S.D.F.)

**K11-15**: KAUL v CHRISTIE/MURPHY: 23-CV-22582-CLOSED – PRE JARKESY (S.D.F.)

**K11-19**: KAUL v TEXAS MEDICAL BOARD ET AL: 24-CV-00163-CLOSED-PRE + POST JARKESY (S.D.T.)

**K11-20**: KAUL v FEDERATION: 24-CV-03180-CLOSED – POST JARKESY (S.D.T.)

**K11-22:** KAUL v BCBSA ET AL: 23-CV-01688-OPEN – PRE JARKESY (N.D.A)

**K11-23:** KAUL v OETKEN ET AL: 24-CV-00621-OPEN – POST JARKESY (S.D.M.)

**K11-24:** KAUL v FEDERATION: 25-CV-25-CLOSED – POST JARKESY (S.D.M.)

**K11-27:** KAUL v FEDERATION: 25-CV-01676-OPEN-POST JARKESY (S.D.T.)

# SUMMARY OF THE ISSUES AND QUESTIONS PRESENTED

**1. Does** K11-23 Defendant James Paul Oetken's simultaneous Defendant status in K11-23 in which he has admitted to his guilt of the charges levied in K11-23 and in which he is being prosecuted by Petitioner Kaul **and** his May 8, 2025 adoption of the authority and jurisdiction of the Southern District of New York to propose conducting a June 17, 2025 contempt hearing against Petitioner Kaul as to the K11-23 subject matter and facts to which he has admitted guilt, **while** knowing of a Rule 16 hearing in K11-27 scheduled for July 9, 2025, in which he is named as a co-conspirator **constitute** a knowing violation of Petitioner Kaul's human/civil/constitutional rights?

**2.** Do Respondent Oetken's knowingly illegal violations constitute a 'Fraud on the Court'?

**3.** Does Respondent Oetken's willful and knowing aiding and abetting of perpetuation of four thousand eight hundred and four days (4,804) worth of ongoing/"**new**" illegal violations of Petitioner Kaul's

human/civil/constitutional rights to Petitioner Kaul's life, liberty, property and reputation constitute a crime against Petitioner Kaul?

4. Does the law view any products of Respondent Oetken's proposed June 17, 2025 'Fraud on the Court' as anything but a 'Fraud on the Court'?

5. Would any of the products of Respondent Oetken's proposed June 17, 2025 'Fraud on the Court' be anything but legally invalid and subject matter for further civil/criminal litigation against him?

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 29.6 of this Court's Rules, Petitioner RICHARD

ARJUN KAUL, MD, states that he files this petition on behalf of his

person and no parent company and that no publicly traded corporation

either owns or has been promised 10% or more of the settlement and or

judgment monies.

# LEGAL STANDARD OF REVIEW AND LEGAL AUTHORITIES AS TO GRANT OF WRIT

All Writs Act 28 U.S.C. § 1651 – Writ of Prohibition

United States v Hoffman, 71 U.S. 158 (1866)

Smith v Whitney & Others, 116 U.S. 167 Supreme Court of the United States (January 4, 1886)

PULLIAM, MAGISTRATE FOR THE COUNTY OF CULPEPER, VIRGINIA v. ALLEN ET AL. 466 U.S. 522 No. 82-1432. Supreme Court of United States (May 14, 1984)

# APPENDICES' HYPERLINKS

The links to Appendices I to J are as below. Should the hyperlink within the petition not function, the Appendices can be accessed through these links:

## APPENDIX A

https://www.drrichardkaul.com/_files/ugd/7d05d1_7e09b31184594ea094ac01da95ab8f5c.pdf

## APPENDIX B

https://www.drrichardkaul.com/_files/ugd/7d05d1_04677bc85f7a4f7f8928aeb0407f7834.pdf

## APPENDIX C

https://www.drrichardkaul.com/_files/ugd/7d05d1_6875942a52a14d74984125e2ce93a2e3.pdf

## APPENDIX D

https://www.drrichardkaul.com/_files/ugd/7d05d1_56ff435881204cbf9169a8275e40424e.pdf

## APPENDIX E

https://www.drrichardkaul.com/_files/ugd/7d05d1_a20a8fa019e949839590ff8218e6f8a2.pdf

## APPENDIX F

https://www.drrichardkaul.com/_files/ugd/7d05d1_35b4ce97acbe4b45832a09f8cd767162.pdf

## APPENDIX G

https://www.drrichardkaul.com/_files/ugd/7d05d1_dfcdb75a68424abaa7
4d42d963d818ec.pdf
## APPENDIX H

https://www.drrichardkaul.com/_files/ugd/7d05d1_3e971901a9654c898f
06e44071ef3c94.pdf

## APPENDIX I

https://www.drrichardkaul.com/_files/ugd/7d05d1_aa9f172da0a44176bf
9e2be51ec5890f.pdf

## APPENDIX J

https://www.drrichardkaul.com/_files/ugd/7d05d1_8db86846ffc34d0a9a1
2ce01dbd9af64.pdf

## APPENDIX C + F

https://www.drrichardkaul.com/_files/ugd/7d05d1_e84c46298c32428480
df0cccf4921f53.pdf

# PRELIMINARY STATEMENT AND CONTEXTUAL FACTS

The facts underpinning this petition are all part of the '**Revocation-Cover-Up-Conspiracy**' (2005-2025), a conspiracy that commenced in 2005 by **The Kaul Cases** Defendants consequent to Petitioner Kaul's invention and successful performance of the first minimally invasive percutaneous outpatient spinal fusion. This procedure revolutionized the field of spine surgery, became the standard of care almost a decade ago, generated billions of dollars for spine device companies who stole Plaintiff Kaul's intellectual property and manufactured their own devices. The stolen intellectual property and the 2014 illegal revocation of Petitioner Kaul's NJ license caused an illegal enrichment of Petitioner Kaul's market competitors, including most individuals/entities within **The Kaul Cases**.

Respondent Oetken entered the '**Revocation-Cover-Up-Conspiracy**' in or around late 2021/early 2022 and remains trapped, active and conflicted within it, consequent to his knowingly illegal May 8, 2025 purported 'order' in K11-7 to conduct a contempt hearing against Petitioner Kaul on June 17, 2025, a person who is the Plaintiff currently prosecuting him in K11-23. Petitioner Kaul noticed his DOJ counsel on May 10, 2025 of the conflict (Appendix B). This is the latest and most egregious example of Respondent Oetken's criminal conduct within the '**Revocation-Cover-Up-Conspiracy**', an act the liability of which does pursuant to RICO's doctrine of vicarious liability insure to **The Kaul Cases** Defendants, including the K11-27 Defendants.

1

It has been within the **'Revocation-Cover-Up-Conspiracy'** that **The Kaul Cases** Defendants have since 2005 committed and continue to commit offenses/violations/crimes against the life/liberty/property/reputation and human/civil/constitutional rights of Petitioner Kaul, through the perpetration of amongst other things, the admitted crimes of kidnapping/false indictment/false arrest/false imprisonment/attempted killing/bribery/perjury/public corruption. evidential tampering/witness tampering/money laundering/bankruptcy fraud/securities fraud/unjust enrichment/judicial corruption/tax evasion/embezzlement.

The following statement provides some initial context as to Respondent Oetken's past, ongoing and new violations (August 2023 to present) of the authority and jurisdiction of multiple independent district courts within the United States District Court (K11-14-Southern District of Florida/K11-17-Eastern District of North Carolina/K11-20-Southern District of Texas) such that an emergent writ of prohibition is warranted to halt his re-violation of the authority and jurisdiction of the Southern District of Texas in K11-27 and to cause him to permanently cease any further violations.

Petitioner Kaul respectfully asserts that the facts set forth below in the **'STATEMENT OF FACT'** account for why Respondent Oetken is continuing to engage in ever more serious offenses/violations/crimes within the United States District Court and why the issuance of a writ of prohibition is warranted prior to <u>June 17, 2025</u>. This is the date that a conflicted Respondent-K11-23 Defendant

Oetken, who is being prosecuted by Petitioner Kaul in K11-23 (**Appendix C**)

proposes to conduct a 'contempt' hearing to attempt to silence, suppress and or

eliminate Petitioner Kaul in order to prevent a further exposition of his

offenses/violations/crimes and those of **The Kaul Cases** Defendants (2005-2025).

The egregiousness of these ongoing violations stem from K11-23 Defendant

Oetken's attempts to conceal his knowingly perpetration of a long-standing

**"pattern of racketeering"** involving the conversion of his bench in the S.D.N.Y.

into a **"racketeering enterprise"** through which he perpetrated and continues to

perpetrate the RICO predicate acts of, amongst other things, bribery, fraud,

conspiracy, quid pro quo schemes, evidential falsification, witness tampering and

public corruption. Since his 2011 appointment to the federal bench and his abuse of

that bench for personal monetary gain, his sense of impunity emboldened by the

fact that no lawyer or judge in that court had the courage or sense of righteousness

to report his offenses/violations/crimes. Respondent Oetken's Illegal acts that

destroyed the lives of countless innocent and relatively poor non-corporate persons

who appeared before him in cases involving corporations and large businesses, from

whom he enriched himself through bribes he demanded in return for entering

dispositions favorable to their case/s.

This petition, and the facts upon which it is based seek to expose and cause to

conclude the continued perpetration of such activity. American federal judges are

bestowed by the public with immense lifetime tenure power and are trusted to use

that power for the good of society and not for their own corrupt enrichment. Since

his 2011 appointment, K11-23 Defendant Oetken has become immensely and
disproportionately wealthy through his corrupt abuse of the federal bench, which is
why he continues to fail to publicly provide his financial holdings/records and
exparte communications, despite repeated discovery requests in K11-7/K11-23 and
his knowing legal obligations to do so. Absent external wealth, a district court
judge's net-worth of tens-of-millions of dollars is inconsistent with their income, and
is explained by only by corruption.

As stated above, K11-23 Defendant Oetken has sought since August 2021 to silence,
suppress and or eliminate Petitioner Kaul in order to prevent a further exposition of
his offenses/violations/crimes and those of '**The Kaul Cases'** Defendants (2005-
2025). However, on September 12, 2022 in K11-7, these efforts did threaten to
extend across the country with the entry by K11-23 Defendant Oetken of a
knowingly illegal bribery related nationwide 'injunction' that purported to bestow
on him the power of deciding whether Plaintiff Kaul had the right to file suits in
other district courts for the ongoing/"**new**" injuries to his
life/liberty/property/reputation. K11-23 Defendant Oetken's September 12, 2022
purported 'injunction' sought to deprive every other independent district judge of
their authority to decide whether or not to admit Plaintiff Kaul's cases.

However, when Plaintiff Kaul did file cases and they were admitted by multiple
district judges, Respondent Oetken in recognizing that he had no direct authority
over any other district judge, did attempt to exact it indirectly by repeatedly
threatening Petitioner Kaul with contempt if he did not dismiss the cases.

Petitioner Kaul refused to dismiss any of his cases, but certain district judges who had admitted the cases and entered discovery orders with full knowledge of the purported 'injunction' did under duress dismiss the cases (K11-14/K11-17/K11-20). On March 15, 2024, when Respondent Oetken filed an order threatening to hold Petitioner Kaul in contempt if he did not dismiss K11-17 by March 29, 2024 (**Appendix D**), Petitioner Kaul filed a civil rights case (K11-18) against Respondent Oetken on March 25, 2024 in the E.D.N.C., where it was randomly assigned to U.S.D.J. Flannagan, the case reassigned by Chief Judge Myers to himself on April 1, 2024, summons issued on April 2, 2024 and then dismissed with prejudice on April 8, 2024. On May 9, 2024 Petitioner Kaul filed an appeal in the U.S.C.A. for the 4th Circuit, submitted an informal opening brief on May 29, 2024, but then on July 23, 2024 requested the 4th Circuit adjudicate the K11-18 appeal before the K11-17 appeal (K11-17 was dismissed by Chief Judge Myers on June 14, 2024 based on Respondent Oetken's purported 'injunction' and appealed on July 15, 2024). On July 23, 2024 the 4th Circuit declined Petitioner Kaul's request and thus on July 30, 2024, Petitioner Kaul dismissed both appeals.

It was Respondent Oetken's refusal to recognize that it was just a question of time before his **"pattern of racketeering"**, once corruptly restricted to the controllable environment of the S.D.N.Y., but now becoming a nationwide issue that effectively threatened to end Petitioner Kaul's life, that caused him to admit in K11-23 to his offenses/violations/crimes and become the subject of this petition. On August 26, 2024, Petitioner Kaul filed K11-20 in the Southern District of Texas – Houston,

where with full disclosure of the K11-7 'injunction' related matters, it was admitted, and a scheduling order issued on December 9, 2024. However, on October 2, 2024, Respondent Oetken issued an order threatening to hold Petitioner Kaul in contempt if he did not dismiss K11-20 by October 16, 2024. In response and on October 9, 2024 Petitioner Kaul filed K11-23 in the Jackson Division of the Southern District of Mississippi, summons were issued on October 10, 2024 and Respondent Oetken was served on October 16, 2024. In K11-23

Petitioner Kaul has procured admissions of fact from Respondent Oetken (**Appendix E**). However, despite the pendency of K11-23 and his conflicted status as a Defendant he did with a knowing illegality on May 8, 2025 propose on his K11-7 docket in the S.D.N.Y. that a contempt proceeding be conducted on June 17, 2025 against Petitioner Kaul, who remains the Plaintiff in K11-23.

# ISSUES AND QUESTIONS PRESENTED

Petitioner Kaul respectfully asserts that this petition simply requests an enforcement of centuries-old due process-impartial tribunal rights related Constitutional law. And specifically, the undeniable and irrefutable fact of conflict that exists when a person who is a judge is a defendant being prosecuted by a lay-person in a court other than his own for a series of offenses/violations/crimes, then illegally uses his own court as a defense by attempting to hold that lay person in contempt in his court for prosecuting him in another court of the same system to which his court belongs.

If there were any question or issue to be raised it would be what specific criminal forces, pressures and or factors were forced on Respondent Oetken by the K11-27 and others that caused him to commit and continue to commit such egregiously illegal acts as those of publishing to the federal docket material he knows does violate both civil and criminal law. And do these illegal acts constitute further evidence of his long-standing **"pattern of racketeering"** and the perpetuation of his conversion of his bench into a **"racketeering enterprise"**.

Respondent Oetken, in his May 8, 2025 purported order and in full knowledge of the illegality of the proposed June 17, 2025 hearing, did commit further offenses/violations/crimes in assigning himself as judge, a purpose being to exclude himself as a witness to the proceeding and thus exclude his admissions of fact in K11-23 and his Defendant status in K11-23. And if such an illegal hearing were to proceed with Petitioner Kaul, which it will not, Respondent Oetken would most

definitely suppress or strike from the record any evidence or facts of his K11-23 admitted offenses, violations, crimes.

But moreover, in this matter there is one issue that legally precludes Petitioner Kaul from participating in or aiding and abetting any element of Respondent Oetken's proposed May 8 to June 17, 2025 events, and it is that any participation or aiding and abetting of such an illegal proceeding would cause Petitioner Kaul to join the criminal '**Revocation-Cover-Up-Conspiracy**' This would not only cause him to conspire against himself but would make him liable for all the past, present and future offenses/violations/crimes of **The Kaul Cases** Defendants. In effect, Respondent Oetken's May 8, 2025 submission is a 'request-order' to Petitioner Kaul to join a criminal conspiracy, a 'request-order' that further substantiates his guilt and the filing of further **"racketeering"** charges in present and future cases of **The Kaul Cases** if necessary.

Whether Respondent Oetken knows this or not, it is a fact that his May 8 to June 17, 2025 proposal caused the S.D.N.Y. and certain staff to become even more enmeshed in the '**Revocation-Cover-Up-Conspiracy**'.

It would seem about time that **The Kaul Cases** Defendants are held to account for their twenty (20) year-long spree offenses/violations/crimes. Respondent Oetken's judicial career is but one of their many casualties, for which they, the supposed caring physicians, public servants and beneficent **"You're in Good Hands with Allstate"** corporations do care not.

# STATEMENT AND FACT NECESSARY TO UNDERSTAND PETITION

The facts substantiating the petition and probative to the grant of the writ of prohibition are as below:

Respondent Oetken, a single district judge in the Southern District of New York has since the September 12, 2022 entry of his admittedly and corruptly procured 'injunction' in K11-7 (**Appendix C + F**) willfully and knowingly violated the authority and jurisdiction of district courts and judges in the Southern District of Florida (K11-14), the Eastern District of North Carolina (K11-17) and the Southern District of Texas (K11-20), a court whose jurisdiction and authority he continues to attempt to violate in K11-27. His illegal threats of contempt based on a knowingly illegal 'injunction' have violated not just the human/civil/constitutional rights of Petitioner Kaul, but have attempted to deprive and have deprived/violated the independent and **inherent** power of district courts/judges that admitted K11-14/K11-17/K11-20/K11-27.

There existed no illegal or unconstitutional act within Petitioner Kaul's prosecution of **The Kaul Cases**, that warranted nor indeed warrants a nationwide injunction, nor law or fact in the K11-7 Defendants 2021/2022 motions for such an injunction. And in fact, in K11-7, neither the Defendants nor Respondent Oetken addressed/contested/rebutted/rejected Petitioner Kaul's nullifying differentiation of every case cited by the K11-7 Defendants in support of their false motions.

Respondent Oetken, consequent to his bribery related quid pro quo with the K11-7 Defendants simply ignored the law/facts/argument submitted by Petitioner Kaul in

9

K11-7 and entered a willfully fraudulent opinion whose entire foundation is completely unrelated to the facts/law that Petitioner Kaul, as the record so irrefutably shows, did/do undermine the entry of an injunction.

Since 2023 (K11-14) Respondent Oetken has illegally, persistently and knowingly exceeded his authority and jurisdiction, and in the process has violated the rights/authority/jurisdiction of Petitioner Kaul and the district court judges/courts in K11-14/K11-17/K11-20 and now in K11-27.

The grant of a writ of prohibition, as with a writ of mandamus is an "extraordinary" remedy for **"extraordinary circumstances"**, where the normal appellate avenue is either unavailable or irreparable injury will continue to be caused while during the normal years-long course of an appeal. In this case, Respondent Oetken, in purposefully proposing June 17, 2025 for the hearing date, did so with the express intention of seeking to have eliminated Petitioner Kaul before the July 9, 2025 scheduled Rule 16 conference in K11-27. And in eliminating Petitioner Kaul, the K11-27 Defendants in collusion and conspiracy with Respondent and K11-23 Defendant Oetken will move to have K11-27 dismissed, in the hope that it will prevent Respondent Kaul from exposing their offenses/violations/crimes (2005-2025).

Thus, by the time any appeal might reach the appellate courts, Petitioner Kaul will be eliminated, either through continued incarceration and or death. These schemes have been perpetrated against Petitioner Kaul since May 27, 2021 on three (3) occasions, and constituted an element of the subject matter of K11-7/K11-14/K11-

10

15/K11-17/K11-20/K11-24, and which in K11-15 was set for trial. It is the intent of Respondent Oetken and the K11-27 Defendants to use the June 17, 2025 hearing to attempt to successfully cause this elimination.

The reluctance that exists within appellate courts to grants writs of mandamus, prohibition and injunction pertains to the conversion of a judge into a litigant. However, that condition already exists in K11-23, in which Respondent Oetken and his K11-23 co-defendant, NYS Attorney Grievance Committee are not only litigants, but have pursuant to Rule 8(b)(6) admitted to the offenses/violations/crimes that substantiate this petition. There exists privity/proximity between the subject matter of K11-23 and K11-7, such that the grant of a writ in K11-7 simply reflects an extension of the adversarial condition that already exists in K11-23 and is entirely warranted consequent to the conflict that now exists in K11-7 because Petitioner has been prosecuting Respondent in K11-23 since October 9, 2024.

And these conditions were firmly established by Respondent Oetken himself, who chose on May 8, 2025 to illegally abuse the power of the S.D.N.Y. in order to attempt to defend from Petitioner Kaul his life/liberty/property in K11-23 in the Southern District of Mississippi and the life/liberty/property/reputation of his K11-27 bribery-related co-conspirators in the Southern District of Texas in K11-27. There exists no other case in the entire corpus of American jurisprudence that approximates the **"extraordinary"** facts underpinning this petition.

Thus, this petition does not constitute a substitution for appeal, as if Respondent Oetken, already a knowingly conflicted and law-disregarding K11-23 Defendant

11

whose June 17, 2025 proposed hearing further evidences his guilt of the charges

levied in K11-23, is not immediately prohibited, Petitioner Kaul will not for reasons

related to elimination be able to file an appeal. In fact, in **The Kaul Cases**

Defendants June 14, 2023 illegal arrest-kidnapping/incarceration, there was an

attempt to stymie his mental capacity and end his life (**Appendix G**).

And even if Petitioner Kaul's rights/person were protected, which the facts in the

'**Revocation-Cover-Up-Conspiracy**' (/2005-2025) evidence otherwise, the time to

file an appeal of the final September 12, 2022 order is past.

Reposed within the following Appendices are documents containing facts from **The**

**Kaul Cases** that prove Respondent Oetken's repeated violations of the

authority/jurisdiction of multiple other district courts/judges and his continuing

offenses/violations/crimes committed against the life/liberty/property/reputation of

Petitioner Kaul that do, in conjunction with the other within cited factors of

unavailability of appellate recourse and irreparable/permanent injury to

life/liberty/property, warrant an emergent issuance of a writ of prohibition.

## 1. Admissions Of Fact of K11-27 Defendants And K11-23 Defendants Oetken and NYS Attorney Grievance Committee (Appendix E)

The facts within these documents do evidence the guilt of **The Kaul Cases**

Defendants, including K11-23 Defendant Oetken of the charges levied in **The Kaul**

**Cases**, including K11-23 and K11-27. The volume of fact reflects the over twenty

(20) year period of the '**Revocation-Cover-Up-Conspiracy**', through by and which

**The Kaul Cases** Defendants have perpetrated massive **"patterns of**

12

**racketeering"** and human/civil/constitutional rights violations. Similarly, the serious and enormous volume of highly incrimination fact accounts for the desperate/illegal May 8 to June 17, 2025 proposed contempt hearing by a conflicted K11-23 Defendant Oetken who has admitted to his guilt of amongst other things, bribery related quid pro quo schemes with the K11-7 Defendants. In return for the bribes K11-23 Defendant Oetken issued on September 12, 2022 a knowingly fraudulent nationwide 'injunction' against Plaintiff Kaul.

## 2. Complaint in K11-23: KAUL v OETKEN ET AL: 24-CV-00621-CWR-LGI (Appendix C)

The facts as asserted and admitted in the Complaint do for the reasons of law set forth within this petition, deprive K11-23 Defendant of any jurisdiction or authority in any matter involving Plaintiff Kaul, and do under the cited law warrant the emergent entry of a writ of prohibition, that bars him from any further participation in his May 8 to June 17, 2025 proposal as to a contempt hearing.

## 3. Plaintiff Kaul's October 6, 2022 motion for disqualification in K11-7 and K11-23 Defendant Oetken's August 14 reply (Appendix H).

K11-23 Defendant Oetken's conversion of his bench in the S.D.N.Y. into a **"racketeering enterprise"** involved egregious derogations of fact and established law, such that many of his corrupt/incompetent opinions were entirely illegal. The problem existed and continued to exist because there was no oversight and no lawyer or judge who had the courage or sense of righteousness to report this

13

individual to the authorities, while he and his greed destroyed countless innocent lives. Plaintiff Kaul's '**THE OETKEN ANALYSIS**' (**Appendix H – Page 31 of 39**) unequivocally proves that his September 12, 2022 'opinion-injunction' had no basis in law or fact, and for that reason alone, other than the K11-7 Defendants bribes, was illegal ab initio. However, lending to the 'opinion-injunction's status as a 'Fraud on the Court' was the fact of his admitted bribery related quid pro quo scheme with the K11-7 Defendants, a scheme, that he has been forced to continue in K11-7 in the S.D.N.Y. and a scheme the corrupt effects of which he and the K11-7 to K11-27 Defendants have perpetrated into the district courts in the Southern District of Florida (K11-14)/Eastern District of North Carolina (K11-17)/Southern District of Texas (K11-20) (K11-27)/Southern District of Mississippi (K11-24). The seeds of his and the K11-7 to K11-27 Defendants nationwide criminal **"pattern of racketeering"** were laid arguably in March 2005 with the emergence of the '**Revocation-Cover-Up-Conspiracy**' when Plaintiff Kaul invented and successfully performed the first ever percutaneous spinal fusion. This procedure helped millions of patients worldwide, revolutionized the field of spine surgery and its intellectual property generated billions of dollars for medical device companies/surgeons/hospitals/surgical centers. Thus, it became imperative for **The Kaul Cases** Defendants/others to eliminate Petitioner Kaul from the market, in order to attempt to steal these facts/assets from Petitioner Kaul <u>and</u> attempt to illegally lay claim to them. This scheme, an element of the '**Revocation-Cover-Up-Conspiracy**' was convinced in its assessment that Petitioner Kaul would be

14

eliminated, but he was not, which further accounts for Respondent Oetken's knowingly illegal May 8 to June 17, 2025 proposed events. K11-23 Defendant Oetken joined the **'Revocation-Cover-Up-Conspiracy'** in or around August 2021 with the filing of K11-7 in the S.D.N.Y.

K11-23 Oetken's admitted acceptance of bribes from the K11-7 Defendants (**Appendix E**) and his Defendant status in K11-23 do prohibit him from having any involvement in K11-7, be it ministerial/adjudicative. This prohibition stems also from his issuance of the knowingly illegal September 12, 2022 'opinion/injunction', which Plaintiff Kaul proved/proves in the **'OETKEN ANALYSIS'** had/has no basis in law or fact. K11-23 Defendant Oetken, as did all the K11-7 Defendants, ignored every fact/argument and differentiation as set forth by Plaintiff Kaul of all Defendants' citations as to dismissal/injunctions, an uncontested and thus admitted differentiation that irrefutably established there was no legal/factual basis for either a dismissal or injunction. The opinion was patently the product of corruption, a fact that was unquestionably/further exposed by the gross factual/legal erroneousness.

But it was from and with this September 12, 2022 'Fraud on the Court' that K11-23 Defendant and the K11-7 to K11-27 Defendants did then perpetuate a further 'Fraud on the Court' against multiple other district judges, who for some reason, while knowing it was a 'Fraud on the Court' did wrongly permit it to become incorporated with an appearance, albeit false, of authority into the fabric of

American jurisprudence and did cause to be improperly used in the erroneous dismissals of K11-17 and K11-20.

The metastasis of the admittedly illegal September 12, 2022 K11-7 products of crime are set forth below in section 4.

### 4. <u>K11-23 Defendant Oetken's 'weaponization' and illegal submissions/manipulation of the K11-7/ K11-17/K11-20/K11-24/K11-27 dockets to attempt to conceal his and The Kaul Cases Defendants offenses/violations/crimes (2005-2025) from the United States, Plaintiff Kaul and the record do warrant an emergent issuance of a writ of prohibition</u> (Appendix I).

K11-23 Defendant Oetken's unprecedented interference and violation of the independent authority and jurisdiction of multiple other district courts in the period from 2023 to the present stems from his admitted guilt of the charges levied in K11-23, and the guilt of the K11-27 Defendants of the charges levied in K11-27. This is one of the reasons for the K11-17/K11-20/K11-24/K11-27 Defendants transparent tactic of flooding the docket with judicially aimed harassing irrelevant voluminous material that cannot and will not undo their guilt. Their purpose/hope is to attempt to dissuade the Court from pressing the case for the truth of the factual foundation of **The Kaul Cases**. And having had no discovery nor trial in over nine (9) years despite having filed many valid/merit-full cases, the question remains as to would discovery/trial be more likely to expose the truth than constant discovery evasion and dismissals. And to have known many years and many cases ago that the truth resided in fact with Dr. Kaul and not **The Kaul Cases** Defendants. And to know that K11-23 Defendant Oetken's proposed illegal June 17, 2025 contempt hearing

16

constitutes just another gross ongoing/"**new**" violation of Plaintiff Kaul's

human/civil/constitutional rights, rights against which **The Kaul Cases**

Defendants have committed offenses/violations/crimes since 2005. And all because

of professional jealousy and market monopolization. Competition breeds innovation

and innovation makes a country strong, whereas its lack and the unbridled greed of

the so called 'elite' do the exact opposite. History cannot but tell the truth.

Plaintiff Kaul's filings in K11-14/K11-17/K11-20/K11-24/K11-27 were all, except

with K11-14, initiated with Complaints/Exhibits that included full disclosure of the

September 12, 2022 'injunction' and surrounding events. These disclosures are

contained within **Appendix I** as are documents of K11-27 Defendants violation of

the independent jurisdiction/authority of the district court/judge, a copy of Plaintiff

Kaul's objection and a copy of the dismissal order. Each case file is replete with

thousand-page submissions from the K11-7 to K11-27 Defendants, copies of which

due to their ever-increasing irrelevancy, harassing voluminous nature and not

unpredictable air of regret, are not included.

# ARGUMENT

## Respondent Oetken's State of K11-23 Related Conflicted-ness Deprives Him From Exercising The Jurisdiction Of The Southern District Of New York In Any Matters Pertaining To Petitioner Kaul.

Respondent Oetken, a lawyer and a federal judge recognizes the absolute illegality of his May 8 – June 17, 2025 proposed hearing, but for reasons pertaining to his admitted bribery related quid pro quo scheme with the K11-7/K11-27 Defendants and other as yet unknown reasons, he commenced a course of action of which he was knowingly prohibited. In recognizing that he was/is a Defendant in K11-23 in which he is being prosecuted by Petitioner Kaul and in which he has admitted to the facts of his offenses/violations/crimes that deprive him of exercising the jurisdiction of the Southern District of New York over any matters pertaining to Petitioner Kaul, his attempt to exercise that jurisdiction further evidences his guilt and desperation and that of the K11-27 Defendants. The threat of incarceration (<u>**Martin Thomas Manton**</u>) and economic/professional ruination are the only factors that could account for such an egregious commission of crime, and in a court [S.D.N.Y.] in which every judge is aware of his offenses/violations/crimes.

The case of <u>Smith v Whitney & Others, 116 U.S. 167 Supreme Court of the United States</u> (January 4, 1886) established both the standard for the deprivation from a district judge of the exercise of a court's jurisdiction and the right to pursue the extraordinary remedy of a writ of prohibition over an appeal. The opinion constituted these standards with a series of statements as to the jurist's

jurisdictional deprivation, the right of writ petition and these standards and their K11-27 corollaries are as follows:

"It is often said that the granting or refusing of a writ of prohibition is discretionary ... <u>where the question of the jurisdiction of the court whose action is sought to be prohibited is doubtful</u>, or depends on facts which are not made matter of record ... <u>But where that court has clearly no jurisdiction of the suit</u> or <u>prosecution instituted before it</u>, and the defendant therein has objected to its jurisdiction at the outset, and has no other remedy, <u>he is entitled to a writ of prohibition as matter of right</u>; and a refusal to grant it, where all the proceedings appear of record, may be reviewed on error. <u>This is the clear result of the modern English decisions</u> ... See also <u>Weston v. City Council of Charleston, 2 Pet. 449, reversing on error S.C., Harper, 340.</u>" at 173-174.

This could be no more perfectly fitting an opinion to Respondent Oetken's absolute conflict-based deprivation of right to exercise the jurisdiction of the Southern District of New York, and the fact that he exercised it on May 8 and intends to continue to exercise it on June 17, 2025 do under the <u>Whitney</u> standard warrant a grant of the writ of prohibition. Petitioner Kaul has vehemently objected to Respondent's May 8 – June 17, 2025 proposal for a contempt hearing (<u>Appendix B</u>):

"The petitioner in the present case objected, at the very beginning of the proceedings before the court martial, that it had <u>no jurisdiction</u> to try him on the charges laid before it; and the facts upon which his objection to its

jurisdiction are based, as well as the final judgment dismissing his petition for a writ of prohibition, appear of record. The case is therefore within the appellate jurisdiction of this court." at 174.

Despite Petitioner Kaul's recorded objections, as disseminated to his counsel and to the Clerk of the Court (**Appendix B**) he continues to violate the jurisdiction and authority of the S.D.N.Y. by failing to either dismiss or disqualify himself from the proceeding:

"**The object of a writ of prohibition is to prevent a court of peculiar, limited or inferior jurisdiction from <u>assuming jurisdiction of a matter beyond its legal cognizance</u>.**" at 176 and "**A writ of prohibition is never to be issued unless it clearly appears that the inferior court is about to <u>exceed its jurisdiction</u>.**" at 176.

Respondent Oetken's extremis malfeasance is that consequent to his conflicted defendant status in K11-23, he is absolutely deprived of exercising any aspect of the jurisdiction of the S.D.N.Y., and not merely that he has even exceeded or proceeded past his legal cognizance of the matter. Thus, the application of this element of the <u>Whitney</u> standard does warrant an emergent grant of the writ of prohibition that would be consistent with his extremis malfeasance.

## Respondent Oetken's Willful, Knowing and Malicious Violation Of The Independence And Jurisdiction Of Multiple Other District Judges In The United States District Court Warrants Issuance Of Writ of Prohibition

Within **The Kaul Cases**, Respondent Oetken has since at least late 2021 and with a knowing illegality perpetrated by, through and with the authority/power of the United States District Court offenses/violations/crimes against the authority and jurisdiction of multiple independent district judges/courts and the life/liberty/property/reputation and human/civil/constitutional rights of Petitioner Kaul. Respondent's 'rights-violating-rampage' was/is a direct consequence of his efforts to attempt to 'cover-up' his admitted guilt of the charges levied in **The Kaul Cases**. Charges, the facts of which were/are conducted, aided and abetted through the **'Revocation-Cover-Up-Conspiracy'** (2005-2025), in which multiple **"patterns of racketeering"** were/are conducted through public-private persons, state agencies and corporations in the commission of amongst other things the RICO predicate acts of: kidnapping/bribery/perjury/money laundering/bankruptcy fraud/evidential tampering/witness tampering/public corruption/false indictment/false arrest and false incarceration.

Consequent to Respondents entry in late 2021 to mid 2022 into the **'Revocation-Cover-Up-Conspiracy'** and his then, albeit false, conviction that his knowingly illegal September 12, 2022 'injunction' would eliminate Petitioner Kaul and any threat of exposure he presented to **The Kaul Cases** Defendants, it became imperative to the preservation of his own life/liberty/property/reputation that he enforced whatever measures necessary, legal or illegal, to suppress Petitioner

21

Kaul's continued prosecution of **The Kaul Cases** in independent district courts outside of his jurisdiction in the S.D.N.Y.

Respondent, in recognizing that he could not ostensibly violate the independent jurisdiction and authority of other district courts and judges, did realize that his only option was to have Petitioner and his litigation efforts eliminated and or suppressed. However, it became apparent in early 2025 that after K11-14/K11-17/K11-20/K11-24 his and the K11-7 to K11-27 Defendants illegal tactics had not and were not working, he, in conspiracy and collusion with the K11-27 Defendants perpetrated a willfully illegal scheme within the '**Revocation-Cover-Up-Conspiracy**' in which they published to the docket of the S.D.N.Y. (K11-7: D.E. 179 to 192) thousands of pages of knowingly illegal documents proposing an equally knowingly illegal contempt hearing for June 17, 2025, twenty-two (22) days before the scheduled July 9, 2025 Rule 16 conference in K11-27 and before the anticipated SCOTUS opinions in President Trump's injunction related cases (**Appendix A**). Opinions at the heart of which rest the issue/answer as to the legitimacy/legality of district court issued nationwide injunctions. It is the intention of the K11-27 Defendants and Respondent Oetken to attempt to have Petitioner Kaul eliminated (jail/death) before the SCOTUS opinions and the K11-27 Rule 16 proceeding, and to then have him seized until K11-27 is dismissed and the threat of his existence is eliminated. This, **The Kaul Cases** Defendants and particularly Defendants Christie/Solomon/Heary have proven (September 21, 2016/May 27, 2021/June 14,

22

2023) is their modus operandi and the greater their desperation, the greater the
insanity of their schemes.

The case of <u>PULLIAM, MAGISTRATE FOR THE COUNTY OF CULPEPER,
VIRGINIA v. ALLEN ET AL. 466 U.S. 522 No. 82-1432. Supreme Court of United
States</u> (May 14, 1984) established the standard as to the respect to be accorded to
independent courts, a concept that originated in the English common law and was
based on the freedom of a judge to act interpretively <u>but</u> within the law. However,
the rights and responsibilities of this independence did not extend to those who
used the bench to perpetrate crime: **"This provision of the law is not for the
protection or benefit of a <u>malicious or corrupt judge</u>, but for the benefit of
the public, whose interest it is that the judges should be at liberty to
exercise their functions with independence, and without fear of
consequences. <u>Scott v. Stansfield, 3 L. R. Ex., at 223, quoted in Bradley v.
Fisher, 13 Wall. 335, 350, n</u>. (1872)."**

Respondent Oetken's admissions of fact as to his corrupt offenses/violations/crimes
(**<u>Appendix E</u>**) in conjunction with his illegal May 8 to June 17, 2025 proposal
(**<u>Appendix B</u>**) do <u>deprive him permanently of any immunity</u> in K11-23 or any
future case involving Petitioner Kaul, AND or right to exercise the jurisdiction of
the S.D.N.Y., as he does so now in his illegal further guilt affirming May 8 – June
17, 2025 proposed proceeding.

Respondent Oetken's offenses/violations/crimes in the 21st century within the
United States District Court are the exact ones and type that caused the

development of the issuance of writs from the Court of the Kings Bench commencing around the time of Lord Coke. Those of bribery and derogation of the law and facts:

**"In practice, controlling an inferior court in the proper exercise of its jurisdiction meant that the King's Bench used and continues to use the writs to prevent a judge from committing all manner of errors, including departing from the rules of natural justice, <u>proceeding with a suit in which he has an interest, misconstruing substantive law, and rejecting legal evidence</u>. See 1 Halsbury's Laws of England ¶¶ 76, 81, 130 (4th ed. 1973); Gordon, The Observance of Law as a Condition of Jurisdiction, 47 L. Q. Rev. 386, 394 (1931) ... Examples are numerous in which a judge of the King's Bench, <u>by issuing a writ of prohibition at the request of a party before an inferior or rival court, enjoined that court from proceeding with a trial</u> or from committing a perceived error during the course of that trial. See generally Dobbs, The Decline of Jurisdiction by Consent, 40 N. C. L. Rev. 49, 60-61 (1961)." at 533.**

Respondent Oetken's illegal **"pattern"** on the bench, un-exposed for almost eleven (11) years, has been exactly that identified in <u>Pullman</u> and forewarned/highlighted in the 1880s development of English common law and its instructive effect on the evolution of American jurisprudence. Respondent Oetken, if not prohibited in his pursuit of offenses/violations/crimes would cause the 'clock to turn back' on his

continued and illegal application of American jurisprudence to a time when judges committed **"all manner of errors"** and that is putting it politely.

The <u>Pullman</u> standard as applied to the facts of Respondent Oetken's violations of the jurisdiction of other district courts does substantiate the issuance of a writ of prohibition: **"In Gould v. Gapper, 5 East. 345, 102 Eng. Rep. 1102 (K. B. 1804), the court made explicit what had been implicit in a number of earlier decisions. <u>It held that a writ of prohibition would be granted not only when a court had exceeded its jurisdiction,</u> but also when the court, either a noncommon-law court or an inferior common-law court, had <u>misconstrued an Act of Parliament or, acting under the rules of the civil law, had decided otherwise than the courts of common law would upon the same subject."</u>** at 534.

By, through and within K11-7, Respondent Oetken not only violated the jurisdiction of multiple other district courts, but did in his knowingly fraudulent September 12, 2022 purported opinion/injunction completely ignore the facts, the law and its differentiation by Petitioner Kaul as set forth in the K11-7 case file (August 21, 2021 to September 12, 2022), and as addressed in the **'OETKEN ANALYSIS'** (**Appendix H**). The egregiousness of Respondent Oetken's offenses/violations/crimes continuing from at least August 21, 2021 with Petitioner Kaul to the present May 8 – June 17, 2025 proposed hearing directly correlates with his complete immersion in the **'Revocation-Cover-Up-Conspiracy'**. And does

unquestionably establish a **"pattern"** that preceded Petitioner Kaul, and as independently corroborated by his court staff (**Appendix J**).

## Respondent Oetken's Continuing, Knowing and Willful Violation of Petitioner Kaul's Human/Civil/Constitutional Rights Does Warrant A Grant Of A Writ Of Prohibition And Deprives Him Of Any And All Immunity

Respondent Oetken is guilty of the charges levied in K11-23, has admitted to such and he knows that the K11-27 Defendants are guilty of the facts/charges levied in K11-27. Respondent Oetken knows the personal and professional consequences of his guilt and the vicariously related guilt of that of the K11-27 Defendants and his co-conspirators. Their 'bet' was a large 'bet'.

Respondent Oetken's offenses/violations/crimes in conjunction with his conflicted-ness consequent to his Defendant status in K11-23 do deprive him of exercising the jurisdiction of the S.D.N.Y. and have in conjunction with the knowingly illegal May 8 to June 17, 2025 proposed events irrefutably deprived him of any and all immunity in K11-23 and any future cases involving Petitioner Kaul. The pending immunity question in K11-23 has been resolved, not by Petitioner Kaul, not by the Southern District of Mississippi, not by K11-23 Defendant Oetken's lawyers, not by a ruling from SCOTUS as to immunity, but by the recalcitrant criminal abuse of the authority/jurisdiction/power of the Southern District of New York by Respondent Oetken himself.

26

K11-23 Defendant Oetken was effectively cautioned on October 9, 2024 to not continue to interfere in Plaintiff Kaul's prosecution of **The Kaul Cases** within the 5th Circuit with threats to hold him in contempt unless he dismissed cases admitted by independent judges in independent courts. However, with the K11-27 April 9 filing and April 11, 2025 issuance of a Rule 26 order and July 9, 2025 Rule 16 conference, he and the K11-27 Defendants chose to ignore that forewarning and on May 8, 2025 did once again attempt to violate and interfere with Plaintiff Kaul's right of prosecution of **The Kaul Cases** in the 5th Circuit. In conjunction with the illegal use of the S.D.N.Y. in K11-7 the K11-27 Defendants have yet again violated a discovery/trial order from the Southern District of Texas (K11-20/K11-27), and have refused to confer with Petitioner Kaul in the issuance of a scheduling order, thus further violating Petitioner Kaul's right to due process. All of these facts/violations further substantiate Summary Judgment/Verdict as they are consistent with and evidence of the defenselessness of the K11-27 Defendants.

The <u>Pullman</u> standard substantiates not just the entry of a writ of prohibition to Respondent Oetken in K11-7, to prohibit him from continuing any further judicial participation in the May 8 to June 17, 2025 events proposed no doubt by himself and the K11-27 Defendants, but also a deprivation of immunity in K11-23, a deprivation that will permit Petitioner Kaul's prosecution of K11-23 Defendant Oetken to proceed in this case and others if necessary (See K11-26):

**"Our own experience is fully consistent with the common law's rejection of a rule of judicial immunity from prospective relief. We never have had a**

27

rule of absolute judicial immunity from prospective relief, and there is no evidence that the absence of that immunity has had a chilling effect on judicial independence. None of the seminal opinions on judicial immunity, either in England or in this country, has involved immunity from injunctive relief. No Court of Appeals ever has concluded that immunity bars injunctive relief against a judge. <u>At least seven Circuits have indicated affirmatively that there is no immunity bar to such relief, and in situations where in their judgment an injunction against a judicial officer was necessary to prevent irreparable injury to a petitioner's constitutional rights, courts have granted that relief.</u>"

The issuance of a writ of prohibition, as with that of mandamus is an "extraordinary" instrument that is however issued without reservation in "extraordinary" circumstances. And those circumstances do exist when a knowingly guilt admitting jurist, who while being prosecuted by a plaintiff in one court is abusing the authority/power/jurisdiction of his bench in another court to attempt to mount his defense through the scheduling of knowingly illegal contempt proceedings:

"Occasionally, however, there are "really extraordinary causes" and, in such cases, there has been no suggestion that judicial immunity prevents the supervising court from issuing the writ." at 538.

K11-23 Defendant Oetken's May 8 to June 17, 2025 proposed illegal events placed the final 'nail in his immunity coffin' to deprive him of any and all immunity and

28

subject him to prosecution by Petitioner-Plaintiff Kaul in K11-23. K11-23 Defendant Oetken violated the trust that the district court in K11-23 placed in him to conduct himself lawfully (K11-23: D.E. 21-December 30, 2024 + 37-March 19, 2025). In fact, not more than fifty (50) days after that trust was reaffirmed, K11-23 Defendant did blatantly cause it to be violated, which substantiates a lift of the stay. Regardless, Respondent Oetken's liability within the United States District Court has been 'cemented' by his May 8 to June 17, 2025 proposal in K11-7. On his and the K11-27 Defendants 'chessboard' they have been checkmated by Petitioner Kaul's 'back rank mate' moves in the context of the changing legal landscape as to nationwide injunctions.

## REASONS FOR GRANTING THE WRIT

### The gravity of harm caused by Respondent's illegal and conflicted exercise of the jurisdiction and power of the Southern District of New York do warrant a grant of a writ of prohibition

Respondent is a Defendant in K11-23 (**Appendix C**) in which he is being prosecuted by Petitioner and in which has admitted to committing, amongst other things, a series of quid pro quo bribery related crimes with **The Kaul Cases** Defendants, including the K11-27 Defendants, while on the bench in the Southern District of New York, in a period from approximately late 2021 to the present (**Appendix E**).

Respondent now proposes to conduct in a knowingly illegal and unconstitutional manner, a contempt hearing on June 17, 2025 on his bench in the S.D.N.Y., for the purpose of eliminating Petitioner Kaul from prosecuting him in K11-23 and the K11-27 Defendants in K11-27, Defendants who bribed him in K11-7; the purpose being to attempt to prevent Petitioner Kaul further exposing Respondent Oetken's offenses/violations/crimes and those of **The Kaul Cases** Defendants (2005-2025). However, these offenses/violations/crimes are not just against Petitioner Kaul but against the independent authority/jurisdiction of the district courts of the Southern District of Florida (K11-14), the Eastern District of North Carolina (K11-17), the Southern District of Texas (K11-20) and are planned to re-violate the independent authority/jurisdiction of the Southern District of Texas (K11-27).

30

Respondent, in conspiracy and collusion with the K11-27 Defendants seeks to
further the '**Revocation-Cover-Up-Conspiracy**' (2005 -2025), in which there have
been committed and are continuing to be committed the admitted crimes of amongst
other things, false indictment/false arrest/false imprisonment/attempted
killing/bribery/perjury/obstruction of justice/judicial corruption/public
corruption/wire fraud/securities fraud/unjust enrichment/insider trading/willful
violations of human-civil-constitutional rights.

These offenses/violations/crimes by **The Kaul Cases** Defendants, which include
three (3) members of the insurance industry and Defendant TD Bank, recently
convicted of money laundering, were committed against the United States, its
people and Plaintiff Kaul and have caused immense harm. The perpetration of
these massive life-ending harms was once made possible because of pre-DOGE
corruption of the political and legal bodies of the American Republic. The post-
DOGE world and its mandated digitally enforced transparency of public servant
wealth has lifted the 'shadows' in which public corruption could once conceal its
filth. If Respondent is not prohibited from proceeding with his illegal June 17, 2025
hearing, he will cause an irreversible harm to Petitioner's prosecution of K11-27, in
which there is scheduled a Rule 16 conference on July 9, 2025. It is the intent of
Respondent and K11-27 Defendants to illegally abuse the judicial process on June
17, 2025 to cause a permanent elimination of, as they have attempted on three (3)
separate occasions (2016/2021/2023), Petitioner Kaul's person, in order to attempt
to have K11-27 dismissed and permanently eliminate the threat of him exposing

their offenses/violations/crimes and the consequences of these facts to their
life/liberty/property/reputation.

Respondent and the K11-27 Defendants are 'fighting for their lives' and there is no
criminal harm, be it conducted through corrupt courts/judges/politicians/certain
governmental agencies that they will not attempt to commit against Petitioner Kaul
if it hints at saving their lives.

## The lack of an adequate remedy on appeal

Even assuming Petitioner Kaul were able to appeal an order that is part of a
proceeding (K11-7) the final appeal date (October 27, 2022) of which was forty-five
(45) days from the September 12, 2022, the appeal would not protect Petitioner
Kaul from Respondent attempting to enforce his illegally procured 'contempt' order,
an illegal order that would be a "Fraud on the Court" product of the illegal K11-7
September 12, 2022 purported 'injunction'. Respondent's enforcement would be
abused to cause Petitioner Kaul to remain incarcerated until he acquiesced to K11-
27 Defendants/Respondent's mafia-like extortion threats that he would remain
incarcerated until he 'signed away' all his rights to prosecute any of **The Kaul
Cases**, for the injuries they caused to his life/liberty/property/reputation (2005-
2025).

In the absence of an adequate remedy on appeal or even the right to appeal,
prohibition provides the only remedy to prevent what would be a life-long
permanent and irreparable injury to Petitioner Kaul's
life/liberty/property/reputation.

## The Kaul Cases Defendants nine (9) year abuse of the federal court system requires the definitive and affirming action of a superior court writ and or a trial court judgment

In the twenty (20) years since the commencement of the '**Revocation-Cover-Up-Conspiracy**', it was not until June/July 2023 with U.S.D.J. Beth Bloom in the Southern District of Florida (K11-14), that Petitioner witnessed some sense of the beginning of justice, and although Judge Bloom was not able to deliver K11-15 to trial, her efforts were immensely appreciated as she was the jurist who began the 'turn-around'. With the November 20, 2023 filing of K11-17 in the Eastern District of North Carolina, Chief Judge Richard E. Myers III advanced the case even further, with the entry of a Rule 26 order on March 13, 2024. And again although, despite his best efforts to get the case to trial, it was dismissed on June 14, 2024 under duress from Respondent and the K11-17 Defendants. The combined efforts of Judges Bloom and Myers provided substantial momentum to **The Kaul Cases,** and with the June 27, 2024 SCOTUS ruling in <u>SEC v Jarkesy: 22-859,</u> that momentum accelerated and on August 26, 2024, Petitioner filed K11-20 in the Southern District of Texas, where U.S.D.J. Alfred Bennett entered a discovery/trial order on December 9, 2024, but an order as with every other order he entered was violated by the K11-20 Defendants. And again, under duress/threats from Respondent Oetken he dismissed K11-20 on January 7, 2025 based on Respondent's knowingly illegal September 12, 2022 purported 'injunction'.

On January 14, 2025, Petitioner Kaul filed K11-24 in the Southern District of Mississippi, summons were issued, Defendant Allstate Insurance Company was

served, and it submitted a motion for dismissal based on Respondent's 'injunction'. U.S.D.J. Tom Lee ignored and invalidated the 'injunction' in his venue related February 20, 2025 dismissal order/opinion. Petitioner Kaul, in recognizing the judicial invalidation of the 'injunction' and the nationwide injunction related pending cases before the Supreme Court of the United States involving President Trump - Donald J. Trump, President of the United States, et al., Applicants v. CASA, Inc., et al. + Trump v Washington + Trump v New Jersey - filed K11-27 in the Southern District of Texas on April 9, 2025 and on April 11, 2025 a Rule 26 order was entered with a Rule 16 conference scheduled for July 9, 2025. This date and the soon-to-be (early-mid June, 2025) issuance of the SCOTUS opinions in President Trump's nationwide injunction related cases explains Respondent and K11-27 Defendants conspiracy to schedule their knowingly illegal 'contempt' hearing on June 17, 2025, yet another violation of the jurisdiction/authority of the United States District Court. Respondent and K11-27 Defendants know, based on amongst other things, oral argument, that the SCOTUS opinions will likely not be helpful to their criminal activities, and most certainly not to their admitted guilt of the charges levied in K11-27.

There exists not one case in the entire corpus of American jurisprudence in which a single pro se litigant has been subjected to a nationwide injunction for simply seeking to properly use the courts to vindicate illegal ongoing/"new" injuries to his life/liberty/property/reputation and violations of his human/civil/constitutional rights. Nationwide injunctions, as evident from the pending SCOTUS cases of

President Trump are reserved for governments, corporations and public agencies whose actions would impact the public welfare. Petitioner Kaul's prosecution of **The Kaul Cases** seeks simply to attempt to rectify the twenty (20) years-worth of injury caused to his life/liberty/property by **The Kaul Cases** Defendants and to effectuate a long-overdue _Jarkesy_ related change in the state medical board licensing process. And it is this and nothing more that renders unconscionable the illegally proposed June 17, 2025 'contempt' hearing conspired to by Respondent Oetken and the K11-27 Defendants, an act that substantiates the issuance of a writ of prohibition.

# RELIEF SOUGHT

Petitioner, RICHARD ARJUN KAUL, MD **("Petitioner Kaul")** seeks a writ of prohibition that prohibits Respondent, JAMES PAUL OETKEN, ESQ ("Respondent Oetken") from having any further ministerial or adjudicative involvement in any matter involving Petitioner Kaul, and being restricted only to matters involving his defense and Defendant status in K11-23, in which he is the subject of prosecution by Petitioner Kaul.

I certify under penalty of perjury that the above statements are true and accurate to the best of my knowledge, and that the enclosed Appendices A to J are true and accurate copies of the originals.

DATED: MAY 27, 2025

RICHARD ARJUN KAUL, MD

36